PROB 12C
(7/93)

Report Date: June 15, 2011

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 28 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Melissa Rachelle Flannery              Case Number: 2:08CR02041-003

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, U.S. District Judge

Date of Original Sentence: 2/11/2009

| | | |
|---|---|---|
| Original Offense: | Conspiracy and Aiding and Abetting, 18 U.S.C. §§ 371 1 & 2 | |
| Original Sentence: | Prison - 12 Months; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | TBD | Date Supervision Commenced: 12/11/2009 |
| Defense Attorney: | TBD | Date Supervision Expires: 12/10/2012 |

### PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

1               **Special Condition #20**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

                **Supporting Evidence**: Ms. Flannery submitted urine samples on the following dates: May 6, 2011, which was presumptive negative for controlled substances, however, the sample was sent for further analysis and was later confirmed positive for amphetamine and methamphetamine through laboratory analysis on May 16, 2011; May 17, 2011, which was confirmed positive for amphetamine and methamphetamine on May 23, 2011; and June 2, 2011, which was confirmed positive for amphetamine and methamphetamine on June 8, 2011. Additionally, on May 19, 2011, this officer met with Ms. Flannery, who admitted to using methamphetamine on or about May 17, 2011.

2               **Mandatory Condition #1**: The defendant shall not leave the judicial district without the permission of the court or probation officer.

|   |   |
|---|---|
|   | **Supporting Evidence**: Ms. Flannery admitted on May 19, 2011, that she traveled to Hermiston, Oregon, during the time of April 25, 2011, through May 5, 2011. Additionally, she submitted a document claiming here whereabouts during this time frame, which appears to be false. |
| 3 | **Mandatory Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer. |
|   | **Supporting Evidence**: On or about May 5, 2011, Ms. Flannery came to the probation office and denied having left the Eastern District of Washington and agreed to provide documentation as to her whereabouts during April 25, 2011, through May 5, 2011. The document she provided appears to be false in nature, as no establishments were listed other than gas stations she visited during her travels, and also, the current balance does not match the charges listed. |
| 4 | **Mandatory Condition #11**: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
|   | **Supporting Evidence**: While reviewing the defendant's criminal history, this officer obtained information that Ms. Flannery was cited for driving with no valid operator's license on May 27, 2011, in Yakima County District Court, case number 830478, which was dismissed on June 10, 2011, and she disclosed this contact on June 15, 2011; and on December 19, 2010, she was cited for no valid operator's license in Moxee Municipal Court, case number XY0583905, which is pending and Ms. Flannery never disclosed this contact. |
| 5 | **Mandatory Condition**: If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation/supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with a Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations. |
|   | **Supporting Evidence**: At the beginning of Ms. Flannery's supervised release, she verbally agreed to pay $25 a month toward her restitution and would pay more when possible. A review of her restitution payments, which began on March 5, 2010, reveals she has made a total of six payments, totaling $636 over the past 15 months of supervision. |

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/15/2011

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

June 29, 2011
Date